{¶ 34} While I concur in part with the majority in overruling defendant's first, second, and fourth assignments of error, I respectfully dissent in part from the majority in sustaining defendant's third assignment of error as I would affirm defendant's conviction of drug possession as it relates to the heroin charge. The majority suggests that a controlled substance, such as heroin, should be submitted to testing in order to be sufficient evidence that, in fact, the alleged substance is heroin. Here, defendant had available to him the means by which he could have challenged the testing (or in this case, non-testing) of the alleged heroin found on the spoon. Pursuant to R.C. 2925.51(A), defendant was entitled to (but did not) request an independent laboratory analysis of the alleged heroin. His failure to request such testing waived his right to an independent laboratory analysis and any argument that the state failed to prove, through testing, that the alleged substance was heroin. Being forever mindful of this court's review of a denial of a Crim.R. 29 motion for acquittal is in the light most favorable to the state, any rational trier of fact could have concluded that the state, through the testimonies of the experienced police officers, proved the essential elements of drug possession of heroin. Thus, I would overrule defendant's third assignment of error and affirm his conviction and sentence in whole.